## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**Glenn E. Macon**                                                                    **Plaintiff**

**v.**                               **No. 4:14-CV–287-KGB-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                             **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge

Kristine G. Baker.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court no

later than 14 days from the date of this recommendation.[1]  The objecting party must serve

the opposing party with a copy of an objection.  Failing to object within 14 days waives

the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt

the recommended disposition without independently reviewing all of the record

evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives
right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Glenn E. Macon seeks judicial review of the denial of his third application for disability insurance benefits (DIB).[3]  Macon worked full-time as a concrete finisher until May 2011.[4]  Recurrent hernias prevent him from continuing that work.  After hernia repair, Macon worked part-time for the same employer doing light work.  According to Macon, his employer hired him to do part-time work to avoid paying unemployment benefits.[5]  Macon bases disability on diabetes, high blood pressure, and hernia surgery.[6]

**The Commissioner's decision**.  After considering the application, the ALJ determined Macon has severe impairments — degenerative disc disease, chronic pain, arthritis, obesity, fatty liver, high cholesterol, gastroesophageal reflux disease, recurrent hernia repair, leg cramps, fatigue, bronchitis with lower lobe pneumonia, hypertension, depression, adjustment disorder, and anxiety[7] — but he can do some light work.[8]

---

[3]SSA record at p. 115 (applying for DIB on June 27, 2011 and alleging disability beginning June 7, 2010); *id*. at p. 128 (showing that Macon applied for DIB on Jul 18, 2008 and alleged disability beginning July 1, 1998, and applied on June 4, 2010 and alleged disability beginning June 10, 2010); *id*. at p. 145 (indicating second application was denied don Aug. 11, 2010).

[4]*Id*. at pp. 50, 138, 150 & 573.

[5]*Id*. at pp. 36-37 & 52-53.

[6]*Id*. at p. 137.

[7]*Id*. at p. 15.

[8]*Id*. at p. 19.

Because a vocational expert identified available light work,[9] the ALJ determined Macon is not disabled and denied the application.[10]

After the Appeals Council denied review,[11] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[12] Macon filed this case to challenge the decision.[13] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Macon's allegations**. Macon challenges the determination that he can do some

───────────────────

[9]*Id*. at pp. 65 & 68.

[10]*Id*. at p. 27.

[11]*Id*. at p. 1.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

light work.  He contends carpal tunnel syndrome prevents the frequent handling and

fingering needed to do the jobs the vocational expert identified.  He claims his blood

sugar is uncontrolled even when he complies with medical advice.  He complains

because the ALJ failed to find he has difficulties in social functioning.  He faults the ALJ

for relying on medical experts who did not review all of the medical evidence.  He

contends the ALJ should have ordered a physical examination.  He challenges the ALJ's

evaluation of his credibility.  For these reasons, he maintains substantial evidence does

not support the ALJ's decision.[15]

**Applicable legal principles**.  For substantial evidence to support the decision, a

reasonable mind must accept the evidence as adequate to show Macon can do some light

work.[16]  "Light work involves lifting no more than 20 pounds at a time with frequent

lifting or carrying of objects weighing up to 10 pounds."[17]  The ALJ limited light work by

requiring simple, routine, unskilled tasks with simple, direct, concrete supervision.  The

question before the court is whether a reasonable mind would accept the evidence as

adequate to show Macon can work within these limitations.

---

[15]Docket entry # 12.

[16]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence
'means such relevant evidence as a reasonable mind might accept as adequate to support
a conclusion.'") (internal citation omitted).

[17]20 C.F.R. § 404.1567(b).

**A reasonable mind would accept the evidence as adequate because medical evidence shows nothing preventing light work**. An ALJ's determination about a claimant's ability to work must be supported by medical evidence; the claimant's subjective allegations are not enough to prove he is disabled.[18] The ALJ followed the required two-step process and considered the required factors to evaluate the credibility of Macon's allegations,[19] so the dispositive question is whether substantial evidence supports the decision.

Macon based his claim, in significant part, on hernia surgery, but the medical evidence doesn't show hernia surgery prevents Macon from doing light work. Prior to applying for DIB, Macon did heavy work as a concrete finisher. He experienced recurrent hernias. Hernias often flow from heavy lifting,[20] but light work doesn't require heavy lifting. Macon's doctor advised him to find a lighter type of work.[21]

Macon was doing lighter work at the time of his hearing. After hernia-repair

_____

[18]42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. § 404.1508.

[19]*See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[20] Joyce S. Siok & Tish Davidson, 3 The Gale Encyclopedia of Med. 2106 (4th ed.) ("Most hernias result from a weakness in the abdominal wall….Any increase in pressure in the abdomen, such as recurring coughing, straining, heavy lifting, or pregnancy, can be a considered a causative factor in developing an abdominal hernia.").

[21]SSA record at p. 50.

surgery, he returned to work for the same employer.  He worked 30 hours per week as a

production worker helper.[22]  Done in a shop environment, that work constitutes

unskilled, light work; done in at a construction site, the work exceeds light work.[23]

Macon worked at a construction site, and thus, his part-time work exceeded light work.[24]

A reasonable mind would accept evidence of working 30 hours at a construction site as

adequate to show Macon can do light work.

    **Nothing shows carpal tunnel syndrome prevents light work**.  Macon worked as a

concrete finisher for several years.  Complaints of leg pain led to a nerve conduction

study.  The study confirmed the presence of mild right carpal tunnel syndrome,[25] "a

disorder caused by compression at the wrist of the median nerve supplying the hand,

causing numbness and tingling."[26]  Macon did not complain about the right wrist.

---

[22]*Id*. at p. 53 (explaining that he had worked 30 hours per week since his second application was denied; he does materials handling using a forklift and keeps the construction site clean).  *See id*. at p. 226 (his rate of pay was decreased from $11.30/ hour as a concrete finisher to $7.25/hour as part-time worker).

[23]*Id*. at pp. 63 & 66 (per vocational expert, Macon's part-time job constitutes light work, except at construction sites).

[24]In  in his application to proceed in forma pauperis, Macon reported working 40 hours most weeks until Aug. 12, 2013.  *See* docket entry # 1.  This reports undermines his credibility.

[25]SSA record at p. 278.

[26] Rosalyn Carson-DeWitt, 2 The Gale Encyclopedia of Med. 865 (4th ed.).

6

Instead, he complained about some tingling in the left hand.[27]  When he applied for DIB,

he did not rely on carpal tunnel syndrome.  He did not complain about an inability to

finger or handle objects.  Macon was doing work that required fingering and handling.

His issues with the left hand appear to flow from diabetes management.

**Nothing shows diabetes prevents light work**.  Untreated and uncontrolled

diabetes can cause disabling symptoms, but Macon had diabetes long before he claims to

have been disabled.  He had diabetes when he worked as a concrete finisher.  He

experienced some numbness in two fingers of the left hand and toes of the left foot.[28]

Macon's diabetes can be controlled with treatment, but he doesn't consistently

comply with medical advice.[29]  His symptoms improve with a diabetic diet and exercise.[30]

Even considering diabetes, the agency medical experts opined that Macon can do light

work.[31]  Although the medical experts did not review all of the medical evidence, later-

---

[27]*See* SSA record at p. 173 (complaining about numbness in the left hand) & p. 308 (complaining about numbness in last two fingers of left hand).

[28]*Id*. at pp. 308 & 329.

[29]*Id*. at p. 319 (Mar. 28, 2011, very non-compliant in diabetes management; he says he can't check blood sugar or eat regular meals due to working), p. 315 (May 5, 2011, poor compliance, skips medication doses, doesn't comply with diet or exercise), p. 311 (June 29, 2011, fair compliance, skips medication doses, doesn't comply with diet or exercise), p. 426 (Oct. 5, 2011, fair compliance) & p. 458 (Dec. 26, 2011, poorly controlled diabetes).

[30]*Id*. at p. 267.

[31]*Id*. at pp. 491 & 513.

obtained medical evidence shows nothing preventing light work.[32]

**Macon may experience anxiety and depression, but nothing shows he can't work with others**.   When Macon applied for DIB, he reported no problems getting along with others.[33]   He reported getting along well with authority figures.[34]   He was surprised when he was sent for a psychological evaluation because he relies on physical impairment as a basis for disability, not mental impairment.[35]   Macon attributed his stress and anxiety to the change in his financial circumstances.[36]   He can no longer work at his former pay rate due to physical limitation,[37] but he pays child support based on his

---

[32]*Id*. at p. 537 (lab work showing high cholesterol, placing Macon at risk for heart attack and stroke), p. 539 (pulmonary function testing showing mild obstruction), p. 558 (emergency room visit for cellulitis) & p. 582 (eye exam, sable visual acuity, 20/25 on left, 20/30 on right, no light flashes or floaters).

[33]*Id*. at pp. 180 & 195.

[34]*Id*. at pp. 181 & 197

[35]*Id*. at p. 500.

[36]*Id*. at p. 578 (Nov. 23, 2011, unable to do his job as a concrete finisher due to physical problems; increased anxiety and depressed mood due to financial problems and overall life changes), p. 572 (Dec. 8, 2011, he identified physical pain as factor interfering with overall quality of life; he remains anxious and depressed due to changes in life circumstances) & p. 571 (Dec. 21, 2011, continued stress due to lack of finances; he can only work a certain number of hours and employer needs him to exceed those hours; still making child support payments based on former income; he has returned to work but is prepared to get another job if needed).

[37]In his application to proceed in forma pauperis, Macon reported that he earned at a rate higher than he was paid as a concrete finisher.  *See* docket entry # 1.

former pay rate.  The lack of income created financial burden.  He told the psychological examiner that he received counseling for anger management,[38] but treatment records contradict that claim.

**Macon contends the ALJ should have ordered a physical exam, but the record included sufficient medical evidence to determine whether Macon is disabled**.[39]  The record contained treatment records for the issues in dispute — high blood pressure, diabetes, and hernia repair — no critical issue was undeveloped.[40]  Macon's treatment records consist primarily of medical visits for common ailments, diagnostic tests, and medication refills.[41]  Treatment records reflect no disabling symptoms.

---

[38]SSA record at p. 504.

[39]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").

[40]*Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) ("An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped."); *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (claimant has "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant.  The ALJ does not 'have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped.'").

[41]*See, e.g.*, SSA record at p. 334 (June 14, 2010, diabetes and cholesterol followup and medication refills), p. 294 (Sept. 27, 2010, emergency room visit for foreign body in eye; he was grinding concrete at work), p. 328 (Nov. 11, 2010, diabetes followup, complaints of foot pain and general muscle aches), p. 326 (Jan. 4, 2011, sinusitis), p. 324 (Jan. 18, 2011, pneumonia), p. 321 (Mar. 7 2011, cyst under arm), p. 290 (June 3, 2011, emergency room visit for abdominal pain following hernia surgery; he left against medical advice), p. 436 (Aug. 2, 2011, ingrown nail), p. 433 (Sept. 1, 2011, sinusitis) &

**The vocational evidence supports the ALJ's decision**.  The ALJ asked a vocational expert about light work for a person with Macon's limitations.[42]  The vocational expert identified assembly machine feeder and small product assembler as representative work.[43]  The vocational expert's response shows work exists that Macon can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[44]  Because such work exists, Macon is not disabled under social security law.

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Macon's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 6th day of March, 2015.

_____

_____

p. 373 (Sept. 30, 2011, emergency room visit for abdominal pain; negative abdominal series, lab work okay).

[42]*Id*. at p. 64.

[43]*Id*. at pp. 65-68.

[44]42 U.S.C. § 1382c(a)(3)(B) (defining "disability" under social security law).

United States Magistrate Judge