IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLENN MACON                                                                         PLAINTIFF

V.                          Case No. 4:14-cv-00287-KGB-JTK

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                   DEFENDANT

# ORDER

The Court has reviewed the Recommended Disposition received from Magistrate Judge Jerome T. Kearney (Dkt. No. 14). After careful review of the Recommended Disposition, and the timely objections received thereto (Dkt. No. 15), as well as a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address plaintiff Glenn Macon's objections (Dkt. No. 15). First, Mr. Macon asserts that Judge Kearney applied the wrong standard of review and incorrectly placed the burden on him (*Id.* at 1–2). Specifically, Mr. Macon contends that Judge Kearney applied the "substantial evidence" standard and not the correct "substantial evidence in the record as a whole" standard. The Court disagrees with Mr. Macon's assertion, as Judge Kearney cited in his Recommended Disposition *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997), which states, "We will uphold the Commissioner's decision to deny an applicant benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled." The court in *Long* further explained that a reviewing court "will consider evidence that detracts from the Commissioner's decision as well as evidence that supports the decision, [but] will not reverse 'merely because substantial evidence exists for the opposite decision.'" *Id.* (quoting *Johnson v. Chater*, 87 F.3d

1015, 1017 (8th Cir. 1996)). Judge Kearney considered detracting evidence in the Recommended Disposition but found that substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to do so. *See id.* ("Substantial evidence exists if a reasonable mind would deem the evidence adequate to support the conclusion."). This is the "substantial evidence in the record as a whole" standard. Likewise, nothing in the Recommended Disposition suggests that Judge Kearney incorrectly shifted the burden to Mr. Macon on step five of the sequential evaluation process. Further, this Court has conducted a *de novo* review of the record, applying the substantial evidence in the record as a whole standard, to reach its decision in this case.

Second, Mr. Macon claims that Judge Kearney "offered multiple 'post hoc' rationalizations for the ALJ's decision which are based on 'evidence' not before the ALJ and/or the Appeals Council" (2–3). Specifically, Mr. Macon provides two general examples of alleged *post hoc* rationalizations: citations to Mr. Macon's application to proceed *in forma pauperis* and citations to an encyclopedia of medicine. Neither of these examples are *post hoc* rationalizations of the ALJ's decision or evaluation of the evidence. Judge Kearney cited Mr. Macon's representations in his *in forma pauperis* application as an aside, without relying on it as evidence in the record to support the ALJ's decisions (Dkt. No. 14, at 6, n.24, 8, n.37). Judge Kearney cited the encyclopedia of medicine to provide context regarding Mr. Macon's medical conditions (Dkt. No. 14, at 5, n.20, 6, n.26). Evidence of Mr. Macon's medical conditions was in the record before the ALJ. These are not *post hoc* rationalizations, and they do not change the outcome that substantial evidence in the record as a whole supports the ALJ's decision.

Third, Mr. Macon challenges Judge Kearney's finding that substantial evidence supports the ALJ's determination that Mr. Macon's hernia surgeries do not preclude his performance of

light work (Dkt. No. 15, at 3). Judge Kearney appears to have based this finding, in part, on evidence of Mr. Macon working 30 hours at a construction site at the time of the hearing before the ALJ; Judge Kearney also based this finding on the medical evidence as a whole—while considering Mr. Macon's other medical claims—and the fact that Mr. Macon's doctor advised him to find a lighter type of work (Dkt. No. 14, at 5). Evidence that Mr. Macon was working 30 hours per week was acknowledged and considered by the ALJ (Dkt. No. 10-2, 7, 15–16). Mr. Macon's part-time work at the time of the hearing exceeded light work because it was done at a construction site. Although Mr. Macon correctly points out that the ALJ found that Mr. Macon could not perform this part-time work without special accommodations, this does not show that Mr. Macon cannot perform light work, as the ALJ also determined. Even discounting any evidence of Mr. Macon working 30 hours at the construction site at the time of the hearing, the Court agrees that that substantial evidence in the record as a whole supports the ALJ's finding that hernia surgery did not prevent light work.

Fourth, Mr. Macon asserts that the ALJ's decision must be reversed because the ALJ did not consider Mr. Macon's carpal tunnel syndrome and neuropathy (Dkt. No. 15, at 5–6). As both Judge Kearney and the ALJ pointed out, Mr. Macon did not claim his "mild" carpel tunnel syndrome as a basis of disability or assert that it resulted in any work or functional limitations; he also did not complain about an inability to finger or handle objects. Although an ALJ must fairly and fully develop the record, "he is not obliged to investigate a claim not presented at the time of the application for benefits not offered at the hearing as a basis of disability." *Halverson v. Astrue*, 600 F.3d 922, 934 (8th Cir. 2010) (quoting *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008)). The regulations, however, do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to

do so if the existing medical sources do not contain sufficient evidence to make a determination. *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

The assessment as to whether the ALJ adequately developed the record "is made on a case-by-case basis." *Mouser*, 545 F.3d at 639. For example, while an ALJ may be faulted for not further developing a record that included evidence that the claimant was in special education classes in high school, had a verbal IQ of 69, and had a history of mental retardation, *see Gasaway v. Apfel*, 187 F.3d 840, 843 (8th Cir. 1999), a prescription for anti-depressants is not evidence sufficient to require further inquiry into a claimant's psychological state, *see Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). The ALJ is required to order medical examinations and tests *only if* the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled. *Halverson*, 600 F.3d at 933 (emphasis added). Here, as evidence sufficient to require further development of the record, Mr. Macon cites his diagnoses of right carpal tunnel syndrome and sensory peripheral neuropathy, as well as evidence of decreased sensitivity and strength in his left hand and other extremities, as well as other symptoms. However, other than the diagnoses, these symptoms are not necessarily related to carpal tunnel syndrome and sensory peripheral neuropathy; these symptoms may instead flow from diabetes management. Moreover, the ALJ assessed Mr. Macon's claim of neuropathy, pointing out that Mr. Macon claimed it was intermittently alleviated by the use of Neurontin. Because the evidence here is more analogous to that in *Hensley* than that in *Gasaway*, the Court finds that the ALJ fairly and fully developed this record and was not obligated to investigate further Mr. Macon's right carpal tunnel syndrome and neuropathy. *See Gasaway*, 187 F.3d at 843; *Hensley*, 352 F.3d at 357. In this case, the ALJ considered the medical records, Mr.

Macon's statements, and other evidence in making the determination. As described above, there was substantial evidence in the record as a whole to support the ALJ's decision.

Fifth, Mr. Macon challenges Judge Kearney's reiteration of the ALJ's finding that Mr. Macon was noncompliant with his diabetic treatment (Dkt. No. 15, at 6–7). Mr. Macon asserts that Judge Kearney and the ALJ failed to inquire as to the circumstances surrounding the failure to follow a prescribed course of treatment and determine whether following the treatment would restore his ability to work. *See Burnside v. Apfel*, 223 F.3d 840, 844 (8th Cir. 2000) ("We note that before a claimant is denied benefits because of a failure to follow a prescribed course of treatment an inquiry must be conducted into the circumstances surrounding the failure and a determination must be made on the basis of evidence in the record whether quitting will restore [claimant's] ability to work or sufficiently improve his condition."). The Court disagrees. Both Judge Kearney and the ALJ examined the circumstances surrounding Mr. Macon's noncompliance, and the ALJ determined that Mr. Macon could do light work even considering his uncontrolled diabetes, a finding which Judge Kearney found, and this Court agrees is, supported by substantial evidence in the record as a whole (Dkt. No. 10-2, 14; Dkt. No. 14, at 7–8).

Sixth, Mr. Macon objects to Judge Kearney and the ALJ's reliance on state agency physicians' opinions (Dkt. No. 15, at 7–8). Mr. Macon cites cases from other circuit courts essentially calling into doubt the reliability of opinions of nontreating physicians, as compared to the reliability of the opinions of treating physicians, *see Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001), but there are no treating physician opinions contradicting the nontreating physician opinions here. Regardless, Mr. Macon argues that the ALJ was required to order a physical examination. While a nontreating physician's opinion is not substantial evidence on its

5

own, *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999), Judge Kearney made clear that the treatment records reflect no disabling symptoms and thus support the nontreating physicians' opinions. *See Warburton v. Apfel*, 188 F.3d 1047, 1051 (8th Cir. 1999) ("[The] ALJ is permitted to issue a decision without obtaining additional medical evidence as long as other evidence in the record provides a sufficient bases for the ALJ's decision."); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examination and test only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."). Here, the ALJ did not rely solely on the reviewing physicians' opinions but instead also conducted an independent analysis of the medical evidence. This is not a case in which the opinions of nontreating physicians are the only medical evidence supporting the ALJ's determination.

Seventh, Mr. Macon argues that Judge Kearney is incorrect that nothing in the record indicates Mr. Macon cannot work with others (Dkt. No. 15, at 10–11). The ALJ did not incorporate into his residual functional capacity assessment ("RFC") Mr. Macon's mild limitation in maintaining social functioning. An ALJ may omit alleged impairments "when 'there is no medical evidence that these conditions impose any restrictions on [the claimaint's] functional capacities' or 'when the record does not support the claimant's contention that his impairments significantly restricted his ability to perform gainful employment.'" *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (quoting *Owen v. Astrue*, 551 F.3d 792, 801–02 (8th Cir. 2008)). Further, an ALJ does not err by excluding a claimant's mental limitations from his hypothetical questions when substantial evidence supports a finding that the mental impairment is nonsevere, meaning when it results in no more than minimal limitation in the ability to perform basic work activities. *Buckner*, 646 F.3d at 561; 20 C.F.R. § 404.1520a(d)(1). For the

reasons highlighted by Judge Kearney, Mr. Macon's mild limitation in maintaining social functioning is nonsevere, so the ALJ was not required to include the mild limitation in his RFC.

For these reasons, the Court adopts the Recommended Disposition. The Court therefore affirms the Commissioner's decision, denies Mr. Macon's request for relief, and dismisses with prejudice this case. Judgment shall be entered accordingly.

SO ORDERED this 29th day of September, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE